UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CLIFFORD HUNTER | Criminal No. 3:05CR54 (JBA)<br><br>March 15, 2019 |

## RULING ON FIRST STEP ACT MOTION

Clifford Hunter moves for plenary resentencing and immediate release under the First Step Act of 2018. ([Doc. ## 829, 834, 838].) The Government opposes that Motion, and in an addendum to the presentence report, the U.S. Probation Officer recommends that the Court deny the Motion. ([Doc. ## 839, 835].) For the reasons that follow, the Court concludes that the First Step Act of 2018 does not entitle Mr. Hunter to the relief that he seeks.

Mr. Hunter pleaded guilty in December 2005 to conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). On April 26, 2006, this Court sentenced him to 188 months of incarceration followed by 6 years of supervised release. At the time of sentencing, the Court found Mr. Hunter to be a career offender, based upon predicate offenses that he contends do not qualify as predicates under current law. Mr. Hunter argues that if he were sentenced today, he "would not be a career offender, the § 851 enhancement would not apply, and the relevant quantity, 20-35 grams of crack cocaine, would no longer correspond to offense level 28 under the Guidelines but would instead correspond to offense level 20, 22, or 24." (Mem. Supp. First Step Act Mot. [Doc. # 838] at 3.) According to Mr. Hunter, "[w]ith

1

the same three points for acceptance of responsibility, Mr. Hunter's Guidelines range would now be 51-63, 63-78, or 77-96 months imprisonment" and "[t]he mandatory minimum term of supervised release would be 3 years, rather than 6 years." (*Id.*)

At issue in Defendant's motion is Section 404 of the First Step Act, which provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194.

Mr. Hunter contends that his crime of conviction, 21 U.S.C. § 841(b)(1)(C), is a covered offense under Section 404 because it is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." The statutory crime of which Mr. Hunter was convicted provides in relevant part—as it did when he was convicted—that "[i]n the case of a controlled

2

substance in schedule I or II . . . such person shall be sentenced to a term of imprisonment of not more than 20 years" and that "any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C).

Mr. Hunter does not appear to contend that the text of this provision under which he was sentenced was itself modified by section 2 or 3 of the Fair Sentencing Act of 2010, but rather that its applicability changed as a result of the Fair Sentencing Act. Mr. Hunter contends that "[t]he statutory penalties for 21 U.S.C. § 841(b)(1)(C) were indeed modified by Section 2 of the Fair Sentencing Act, because Section 2 of the FSA changed the weight of cocaine base that was subject to the statutory range of 0 to 20 years of imprisonment, from less than 5 grams to less than 28 grams." (Mem. Supp. First Step Act Mot. at 5; Reply at 2.)

The Government responds that "the First Step Act expressly provides sentencing relief for defendants subjected to mandatory-minimum penalties under 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B) but not discretionary sentences under § (b)(1)(C)." (Mem. Opp'n to Def.'s First Step Act Mot. [Doc. # 839] at 1.) The Government notes that *Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) characterized the statutory changes enacted by the Fair Sentencing Act as "increas[ing] the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28

grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum[,]" while making no mention of any changes to 21 U.S.C. § 841(b)(1)(C).

Moreover, the Government argues, "[a] conviction under § 841(b)(1)(C) does, and has always, criminalized possession with intent to distribute crack cocaine (and other controlled substances set forth in Schedules I and II, and other enumerated substances) irrespective of quantity." (Mem. Opp'n to Def.'s First Step Act Mot. at 3.) Significantly, while Mr. Hunter's analysis focuses on the fact that § 841(b)(1)(C) was modified to "change[] the weight of cocaine base that was subject to the statutory range of 0 to 20 years of imprisonment, from less than 5 grams to less than 28 grams[,]" Mr. Hunter fails to account for the fact that both versions of § 841(b)(1)(C) provide for a statutory range of 0 to 20 years of imprisonment for any Schedule I or II controlled substance for which the Government cannot, or does not seek to, prove the quantity. Mr. Hunter himself was convicted under this provision through his guilty plea, in which no drug quantity was specified. (*See* Addendum to Presentence Report [Doc. # 835] at 2.)

Both before and after the passage of the Fair Sentencing Act of 2010, a criminal defendant convicted of violating § 841(b)(1)(C) with respect to *any* unspecified quantity of a Schedule I or II controlled substance would be subject under the provision to a statutory range of 0 to 20 years of imprisonment. Accordingly, the Court concludes that the Fair Sentencing Act did not modify the statutory penalties for a violation of § 841(b)(1)(C), and by extension determines that Mr. Hunter's crime of conviction is not a covered offense under the First Step Act. *See* FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194 ("the term 'covered offense' means a violation

of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."). For these reasons, Mr. Hunter's motion is denied.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of March 2019.